**Edward GLENDE, Relator,**

**v.**

**COMMISSIONER OF ECONOMIC SECURITY, Respondent.**

**No. C9–83–1789.**

Court of Appeals of Minnesota.

March 14, 1984.

Douglas B. Fink, St. Paul, for relator.

Laura Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., PARKER and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Edward Glende appeals a decision of the Department of Economic Security requiring him to repay the unemployment compensation benefits which he received. We reverse.

## FACTS

Glende was employed full-time by Pabst Brewing Company (Pabst) and part-time by Marsden Building Maintenance (Marsden). On March 9, 1983, Glende was terminated from his part-time employment at Marsden for misconduct. On March 11, 1983, Pabst notified Glende and a number of other employees that they were laid off from their full-time positions. Neither Pabst nor the Department contend that Glende was laid off because of any fault on his part.

Glende filed for unemployment benefits on March 27, 1983. A claims deputy determined that Glende was terminated from Marsden for misconduct and was therefore ineligible for benefits based on the Marsden employment. This decision was not appealed. On April 20, 1983, a claims deputy determined that Glende was eligible for benefits based on the Pabst employment. Glende received benefits for the period of March 27, 1983, through June 4, 1983, totalling $1,548.

On July 7, 1983, a claims deputy notified Glende that he was disqualified from all benefits because he had been discharged from the Marsden part-time employment for misconduct. On July 14, 1983, the claims deputy instructed Glende to repay the $1,548 that he had received in benefits. The decision was affirmed by a referee and again affirmed by a commissioner's representative. Glende now appeals.

## ISSUE

Is an employee, who is terminated from part-time employment for misconduct and later is laid off from full-time employment, disqualified from receiving unemployment compensation benefits based on the full-time employment?

## ANALYSIS

The Minnesota Supreme Court decided a virtually identical issue in *Berzac v. Marsden Building Maintenance Co.*, 311 N.W.2d 873 (Minn.1981). In *Berzac*, the claimants voluntarily terminated their part-time employment and were shortly thereafter laid off their full-time jobs. The Department denied benefits, finding that the employees were disqualified because they had voluntarily terminated their part-time employment. The Court succinctly stated the issue:

[W]hether an individual, who voluntarily terminates one of multiple employment relationships and thereafter is unemployed by the remaining employer through no fault of the employee, is thereby rendered ineligible to receive unemployment compensation benefits from any source.

*Id.* at 874. The Court held that the legislature could not have intended the unfortunate result of precluding the receipt of benefits from any employer, and directed the Department to consider and decide claim petitions as they relate to each of the multiple employers.

In that manner, the department could determine that, as to one employer, the termination was voluntary and without good cause attributable to the employer, but as to the other, the employee might well be entitled to receive unemployment compensation benefits.

*Id.* at 875. The Court instructed the Department "to examine the separate claim petitions upon their individual merits within the guidelines of [Minn.Stat. §] 268.09, subd. 1(1)." *Id.*

The only distinction between *Berzac* and this case is that the claimants in *Berzac* were disqualified by the Department from receiving unemployment compensation benefits from their part-time employer under Minn.Stat. § 268.09, subd. 1(1) (1982) (voluntary termination), while Glende was disqualified for benefits from his part-time employer under Minn.Stat. § 268.09, subd. 1(2) (1982) (misconduct). We agree with Glende that this distinction is without merit when considering whether he qualifies for unemployment compensation benefits based upon his full-time employment.

The Department's refusal to apply the clear holding of *Berzac* is troubling. Although the Supreme Court in *Berzac* specifically directed that the separate claims be examined on their individual merit, the Department disregarded this instruction and repeated its erroneous practice of denying benefits from the full-time employment by virtue of a "spill-over" taint of disqualification from the previous part-time employment. Such action suggests an affirmative disrespect for the rule of law. Indeed, the commissioner's representative evidences this in his conclusion when he states:

While it could be argued that *Berzac* could as well be applied to an individual who was fired as well as to an individual who quit his part-time employment, the Commissioner simply chooses not to do so.

There is no justification for simply choosing to ignore applicable law.

## DECISION

We hold that an employee who is terminated from part-time employment for misconduct and later is laid off from full-time employment is not, as a matter of law, disqualified from receiving unemployment compensation benefits based on the full-time employment.

Reversed.